■    In the Matter of ALEXANDER F. VITALE, Appellant, v. MARVIN D. CRISTENFELD et al., Constituting the Board of Elections of Nassau County, Respondents.— In a proceeding under section 330 of the Election Law, judgment of the Supreme Court, Nassau County, dated September 2, 1971, dismissing the petition, affirmed, without costs. No opinion. Rabin, P. J., Munder, Latham and Gulotta, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment appealed from, and respondent board is directed to enroll petitioner forthwith as a member of the Democratic Party, with the following memorandum: The petitioner became 21 years of age on October 22, 1970. He registered as a new voter at the central office of the Nassau County Board of Elections on July 9, 1971 at which time his application to the board for immediate enrollment in the Democratic Party was denied. He did, however, exercise his right to complete an enrollment blank designating the Democratic Party as the party of his choice. Pursuant to statute, that enrollment blank will not be acted upon by the board until after the general election to be held on November 2, 1971 (Election Law, § 186). Petitioner's enrollment will thus not be completed in time to permit him to vote in the primary election to be held on September 14, 1971. In my opinion, so far as the operation of the Election Law works such a result, that statute must be declared to be unconstitutional as a violation of petitioner's right to the equal protection of the laws. The avowed purpose of the deferred enrollment procedure under section 186 of the Election Law, as urged by the respondent, is to protect political parties by preventing a sudden influx of adherents of other parties who choose to adopt the tactic of temporarily transferring their political affiliation to achieve control of a party. However, the risk of such an eventuality resulting from the enrollment of one who has not previously registered to vote is not readily apparent. Section 187 of the Election Law, in effect, creates exceptions to the deferred enrollment procedure by providing for immediate enrollment for certain specified categories of individuals. These categories include, *inter alia*, those who did not enroll on the day of annual enrollment: because they did not become of voting age until after the preceding general election; because they were naturalized subsequent to 90 days prior to the preceding election; and because they did not have

the necessary residence requirements to enroll in the previous year. I can conceive of no reasonable basis for the legislative distinction between one who has not previously voted, because he had not yet reached the minimum age, and one who has simply not previously chosen to exercise that right. The right to vote in a primary election is subject to the same constitutional protections which surround the right to vote in a general election (*Smith* v. *Allwright*, 321 U. S. 649, 661; *Matter of Davis* v. *Board of Elections of City of New York*, 5 N Y 2d 66, 69). In dealing with a statute which determines who may or may not exercise his right to vote, the court may not indulge the usual presumptions of legislative validity. Rather, such statutes are subject to careful and meticulous scrutiny and a determination made as to whether the distinction made by the statute is necessary to promote a compelling State interest (*Kramer* v. *Union School Dist.*, 395 U. S. 621, 626–628). Since no such necessity has been demonstrated herein, section 186 of the Election Law, so far as it denies the right of immediate enrollment to one who has not previously registered to vote, is unconstitutional, and the respondent board should enroll petitioner forthwith as a member of the Democratic Party.